PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRAVION PETERS,

        Plaintiff,

v.

NEW YORK STATE,
NEW YORK STATE DEPARTMENT OF
CORRECTIONS,
SUPERINTENDENT TITUS,

        Defendants.

22-CV-6373-DGL

ORDER

---

# INTRODUCTION

*Pro se* Plaintiff, Travion Peters, is a prisoner confined at Orleans Correctional Facility. He filed a Complaint asserting claims under 42 U.S.C. § 1983 and alleging that jail officials denied his wheelchair-bound mother access to the facility for visitation, she died six days later, and even though Plaintiff was approved to attend the funeral virtually, the connection failed for all but the last thirty minutes of the service. Docket Item 1. Plaintiff also has filed an application to proceed *in forma pauperis* with a signed authorization, Docket Item 2, and moved for appointment of counsel, Docket Item 3.

For the reasons that follow, Plaintiff's claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

# DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization, Docket Item 2, he is granted permission to proceed *in*

*forma pauperis*.  Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen this Complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend pleadings may be denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I.      **THE COMPLAINT**

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se*

2

cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff has sued New York State, New York State Department of Corrections ("DOCCS"),[1] and Superintendent Titus for denying his mother access to Orleans Correctional Facility and the failure to adequately stream his mother's funeral service.

A liberal reading of the Complaint tells the following story. In March 2022, Plaintiff's mother attempted to visit him at Orleans Correctional Facility. Docket Item 1 at 4. His mother's chaperone was dressed inappropriately and denied admittance. *Id.* His mother was therefore also denied admittance to the facility because she is in a wheelchair and, according to an unknown officer, would not be able to open certain doors on her own. *Id.* Plaintiff's mother died six days later. *Id.* Consequently, Plaintiff was denied a final visit with her. *Id.* The facility approved Plaintiff's virtual attendance at his mother's funeral, but the connection failed for all but the last thirty minutes of the service. *Id.*

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and

---

[1] Plaintiff sues the New York State Department of Corrections. The correct name of the agency is Department of Corrections and Community Supervision. *See* https://doccs.ny.gov/community-supervision-handbook/introduction ("On April 1, 2011, the Department of Correctional Services and the New York State Division of Parole [ ] merged to form the Department of Corrections and Community Supervision (DOCCS).").

3

(2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command.  *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004).  Moreover, the theory of *respondeat superior* is not available in a § 1983 action.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  "[T]here is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quotation omitted).

### A.     Claims against New York State & DOCCS

"The Eleventh Amendment bars suits against states and their officials unless the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception [for prospective injunctive relief]."  *Nat'l Ass'n for Advancement of Colored People v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019).  New York has not waived its Eleventh Amendment immunity to suit in federal court and 42 U.S.C. § 1983 does not abrogate it.  *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Because DOCCS is an

"[agency] of the state," it is "entitled to assert the state's Eleventh Amendment immunity[.]" *Santiago v. New York State Dep't of Corr. Servs.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) ("where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest," the agency is "entitled to assert the state's Eleventh Amendment immunity"). Accordingly, to the extent such claims have been made, the Eleventh Amendment bars Plaintiff's suit for money damages against New York State and DOCCS.

### B.     Claims Asserted on Behalf of Plaintiff's Mother

#### 1. A *pro se* litigant may not represent another person in federal court

It is well settled that a person who is not an attorney may not represent another person in federal court. 28 U.S.C. § 1654 provides that *pro se* plaintiffs "may plead and conduct their own cases personally or by counsel." In accordance with this statute, courts have prohibited *pro se* "non-attorney" litigants from representing other persons. *Berrios v. New York City Housing Authority*, 564 F.3d 130, 133 (2nd Cir. 2009) ("non-attorney" uncle may not represent nephew in federal court); *Powerserve Intern., Inc. v. Lavi*, 239 F.3d 508, 514 (2nd Cir. 2001) ("an individual may not be represented in court by another person who is not an attorney"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) ("The statute does not allow for unlicensed laymen to represent anyone else other than themselves."). Plaintiff's Complaint does not assert that he is a licensed attorney. Because Plaintiff lacks the authority to represent another person, any claims here asserted on his mother's behalf are dismissed.

#### 2. A litigant must have standing to bring an action in federal court

It is firmly established that a plaintiff may not bring an action under 42 U.S.C. § 1983 for the deprivation of another's constitutional rights. *Warth v. Seldin*, 422 U.S.

490, 499 (1975) ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action. . . . '"). Plaintiff's Complaint does not make clear how his mother's inability to visit him or the failed streaming of her funeral deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Consequently, the Complaint is subject to dismissal. Plaintiff will however be given the opportunity to amend to set forth facts, which show that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

      C.     **Plaintiff's Claims**

As discussed above, the Court conducts this screening to determine whether Plaintiff's Complaint alleges any viable claims. Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court shall dismiss an action if the Court determines that it fails to state a claim upon which relief may be granted. Construed liberally, as the law requires, Plaintiff's Complaint fails to set forth any viable claim asserted by Plaintiff on his own behalf. The remaining Defendant is Superintendent Titus and Plaintiff refers to an "unknown officer" in his Complaint, but Plaintiff fails to set forth the basis for any claim against either of these officials. *See Tangreti*, 983 F.3d at 618, ("a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The Complaint fails to state any claim upon which relief may be granted. It is regrettable that plaintiff's mother was not able to visit but her chaperone was denied entry and a decision was made that a wheelchair-bound individual could not access certain gates. In any event, plaintiff has no constitutional right to jail visits by family without restriction. It is sad that plaintiff's mother died soon after attempting to visit

but defendants could not control that. In addition, the fact that plaintiff did not see some of his mother's funeral also does not state a constitutional violation. Plaintiff had no constitutional right to attend the funeral in person or remotely. I find that any attempt to amend the complaint would be futile and I deny leave to amend.

### III.     Motion to Appoint Counsel

Plaintiff has filed a Motion to appoint counsel. Docket Item 3. In deciding whether to appoint counsel, the Court should first consider whether Plaintiff's position seems likely to be of substance. If the claims meet this threshold requirement, the Court will consider a number of other factors in determining whether to appoint counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Based on the foregoing, it appears, even at this stage of the litigation, that Plaintiff's claims do not meet this threshold requirement. Plaintiff's request to appoint counsel is therefore denied.

### CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is granted and his motion to appoint counsel is denied. This Court further determines that Plaintiff's Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### ORDER

IT HEREBY IS ORDERED that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's motion to appoint counsel is denied;

FURTHER, that Plaintiff's Complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

FURTHER, I deny leave to file an amended complaint;

FURTHER, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 2, 2022.